

United States District Court
Southern District of Texas
FILED

MAR 0 6 2023

Nathan Ochsner, Clerk

**UNITED STATES COURT**
**SOUTHERN DISTRICT OF TEXAS**
**Mc ALLEN, TEXAS DIVISION**

| | | |
|---|---|---|
| Osbaldo A. Saenz Jr. | § | |
| Plaintiff: | | Civil Cause Action |
| | | |
| VS. | § | No. _____ |
| | | |
| Adriana Santillan | | |
| Defendant No. 1 | § | |
| Atty. Ronaldo Lozano | | |
| Defendant No. 2 | | |
| . | § | |

**(Po Se)**

## ORIGINAL SUIT PETITION FOR MORAL TURPITUTE OF ACTUS REUS FRAUD, EVICTION, AND LIS PENDENS EXPUNGEMENT

TO THE HONORABLE COURT CAPTIONED HEREINABOVE; now comes Osbaldo A.

Saenz Jr., collectively "Plaintiff" herein, and through a Constructive Notice,

advised the Defendant's to come to an agreement of the Defendant's existence

fraud, whereof the Defendant's ignored Plaintiff's delivered & conferred Notice.

Therefore the Plaintiff timely files a MORAL TURPITUTE ACTUS REUS FRAUD

complaint against Adriana Santillan, herein named as Defendant No. 1, and Atty.

Ronaldo Lozano, herein known as Defendant No. 2.

Referencing the Plaintiff's complaint against the Defendant's, Plaintiff sues the

Defendant's to recover various financial monetary debts from both of

the Defendant's that the Defendants have voluntary acted on, incurring among

themselves through their malice, harassment, devious, fraud behavior (mens rea)

and are as follow:

## CASE BASIS FORVENUE JURISDICTION

## Federal Courts are courts of limited jurisdiction (limited power).

In this particular case, this Federal Court has jurisdiction over this case due to

Defendant # 1 (a **Resident Alien** whom met the Green Card Test) not a Resident

of the United States.

Moreover, The Courts jurisdiction over Defendant # 2 in this cause, applies that

the Plaintiff claim against Defendant # 2 is in Personam jurisdiction, due to

Defendant # 2 conspiring and joining Defendant # 1 within this same case by facts

and evidence in the depriving plaintiff of ownership crime.

## PARTIES OF THE CASE

Plaintiff ---------- the complainant to Defendant's fraudulent acts with no payment

to Plaintiff's lending to Defendant for purchasing Plaintiff's property thereafter

Defendant in default and illegally holding Plaintiff's property.

P. 2.

Defendant # 1,--- the offender of living on the Plaintiff's property thereafter of no

payment to Defendant's # 1 Note in default, and holding Plaintiff's property

illegally thereafter property recovered in Plaintiff's name in ownership.

Defendant # 2,---- an offender with a devious harassment confinement history,

and an offender of abusing on insisting depriving the Plaintiff in ownership to

Plaintiff's property.

## DISCOVERY DISCLOSURES REQUEST
## FRCP RULES 26(a)(1)(B), & 33, 34, 36

The Plaintiff request Discovery disclosures permitting the Plaintiff serve the

Defendant's Interrogatories, Productions, and Admissions, not limiting

Depositions.

## BACKGROUND OF THE CASE
## AND THE STATEMENT OF CLAIM

ON OR ABOUT February 16, 2010, the Plaintiff loaned Thirty ($30,000.00)

Thousand to Defendant # 1 for the Purchase of the Property situated on 702 S.

Border Ave., Weslaco, Texas 78596 **(document # 2010-2077639 attached**

**herewith as Exhibit "A")** leaving a remaining Ten ($10,000.00) balance to the

Seller consummating the full Forty ($40,000.00) Thousand amount for the full

purchase of the Property.

P. 3.

At closing for the purchase of the Property, the Title Company did not recognize the Plaintiff as the Lender to Defendant # 1 for the Purchasing of the Property excluding the Plaintiff as the superior Lien Holder to that same Property.

Thereafter a period of time passed, the Defendant # 1 not providing payment to the Plaintiff on Defendant's loan, Plaintiff discloses the Defendant in default to Government tax entity of the County of Hidalgo. Defendant # 1 discretely mortgages this same property to a Sombrero Property Tax Loans, (a Tax lending Company) where Defendant # 1 was able to borrow from the Tax lending entity due Plaintiff not being on record as a Lien Holder.

Thereafter, Plaintiff as his sole and separated property, pursuing payment from borrower Defendant # 1 to credit Defendant's loan, Plaintiff demands Defendant # 1 place Plaintiff on record as the superior lien holder and as his sole and separate property **(see document # 2509898 attached herewith as Exhibit "B")** obligating the Defendant # 1 to make payments.

Thereafter, and during this time, the Defendant is living on Plaintiff's property not proving payment to Plaintiff due to Defendant's excuse not being on record, the

P. 4.

Plaintiff sells his property the Defendant and to be placed on record **(see the Note**

**& recorded documents # 2598761, & # 2598762 attached herewith as Exhibit**

**"C", "D", "E" & "F" ).**

On or About October 03, 2016, The Plaintiff and the Defendant # 1 enter into a

marriage exchanging their vows, Plaintiff telling Defendant # 1 his history for

there not to be any surprises, where Plaintiff requests Defendant # 1 tell Plaintiff

her history, Defendant # 1 says "There is no one in my Life", thereafter, engaged

the exchanging of their vows.

Where, thereafter on or about August 13, 2017, Plaintiff discloses Defendant all

along was defrauding Plaintiff with factual adultery, and Plaintiff files a

Divorce on Defendant considering Plaintiff sold the subject home to Defendant #

1 as her sole financed property.

On or about February 19,2021 considering the Defendant # 1 being in Payment

Default to Plaintiff, and having Defendant's Note ballooned due, Plaintiff files a

foreclosure sale on Defendant's Property, when Defendant # 2 files a temporary

restraining order stopping Plaintiff's foreclosure Sale considering this Property

community property.

At the time the Defendant borrowed the funds from the Plaintiff for the

Defendant # 1 home purchase, and Defendant # 1 not placing Plaintiff as lien

holder on record and to be recognized as the superior Lien Holder,

Defendant and Plaintiff agreed Plaintiff provide Defendant # 1 a Warranty Deed

for the Defendant to sign in case Defendant defaulted, Plaintiff would file that

same deed avoiding foreclosure costs and recovering Plaintiff's property

investment at that same time in such occurrence.

Once Plaintiff files that Warranty Deed signed by the Defendant # 1, six months

later Defendant # 2, files a Lis Pendens **(see recorded documents # 3228912, Lis**

**Pendens as Exhibit "G" attached herewith)** on Plaintiff's sole and separate

Property, interfering, clouding and dissolving the Plaintiff's sell of Plaintiff selling

of Defendant # 1 note to an investor lending Defendant # 1 the opportune for a

Buyback option to Defendant. **(see Note sell agreement attached herewith as**

**Exhibit "H")**

## ALLIGATIONS AGAINST DEFENDANTS

**Defendant # 1**
**Count 1. --- Fraud by Moral Turpitude**

**Count 2. --- Plaintiff's sole and separate property Mortgage Payment Fraud**

**Count 3 --- Illegally Possession of Defendant's # 1 Unpaid Foreclosed Home**
**P. 6.**

**Defendant # 2**

**Count 1. --- Intentionally Harassing, Maliciously, Recording a Frivolous Lis**

**Pendens on Plaintiff Sole and Separate Property for Defendant # 1.**

**Count 2. --- Intentionally interfering with the Plaintiff's transaction for the**

**Plaintiff's selling of the Defendant # 1 Property unpaid note.**

## RELIEF SOUGHT

Plaintiff requests as follows:

1. Defendant # 1. pay the Plaintiff the Amortization schedule monthly compound period from the commencing date up to date, of 96 months at $650.00, summing to $62,400, inclusive a 7 % interest.

2. Defendant # 2. Pay Plaintiff for the Defendant # 2, interfering and the dissolving of the sell/purchase agreement between Plaintiff and Note Buyer Investor of the selling of the defendant # 1 note to an investor in the amount of $62,000.00.

3. The Defendant # 1, and Defendant # 2, release the Defendant's Malice, Frivolous, Lis Pendens from Plaintiff's Property.

4. Defendant # 1, immediately vacate Plaintiff's Property.

5. Defendant # 1, leave Plaintiff's personal Property such as appliance, furniture,

P. 7.

clothing, etc. within Plaintiff real property of 702 S. Border Ave., Weslaco,

Texas, and pay all of Plaintiff's court costs, diligence fees and all costs incurred form this suit.

6.  Defendant # 1. Shall be held responsible and repair all destruction to Plaintiff's

    property if any

7.  A Judgment that this Property by evidence is considered as sole and separate

    property to the Plaintiff

8.  That this judication of either, release, settlement, adjudged, or simply in a

    general judgment be in referenced to Moral Turpitude.

WHEREFORE PREMISES CONSIDERED, the plaintiff files his complaint against the

Defendant's abuse over the Plaintiff's financial statement, and Plaintiff's sole and

separate Property.

**PRAYER**

The Plaintiff humbly requests the Honorable Court grant the Plaintiff to file and

accept Plaintiff's Petition complaint in claim and to recover Plaintiff's loss

intentionally caused by the Defendant's of Moral Turpitude of Fraud.

Respectfully Submitted,

Osbaldo A. Saenz Jr.
P. O. Box 8145
Weslaco, Texas 78596
(956) 438 - 4387

**P. 8.**

clothing, etc. within Plaintiff real property of 702 S. Border Ave., Weslaco,

Texas.

6. Defendant # 1. Shall be held responsible and repair all destruction to Plaintiff's

   property if any

7. A Judgment that this Property by evidence is considered as sole and separate

   property to the Plaintiff

8. That this judication of either, release, settlement, adjudged, or simply in a

   general judgment be in referenced to Moral Turpitude.

WHEREFORE PREMISES CONSIDERED, the plaintiff files his complaint against the

Defendant's abuse over the Plaintiff's financial statement, and Plaintiff's sole and

separate Property.

## PRAYER

The Plaintiff humbly requests the Honorable Court grant the Plaintiff to file and

accept Plaintiff's Petition complaint in claim and to recover Plaintiff's loss

intentionally caused by the Defendant's of Moral Turpitude of Fraud.

Respectfully Submitted,

Osbaldo A. Saenz Jr.
P. O. Box 8145
Weslaco, Texas 78596
(956) 438 - 4387

**P. 8.**

## CERTIFICATE OF SERVICE

I, The Plaintiff on this $\underline{6}^{TH}$ day of March, 2023, have served a true and correct copy of the Plaintiff's Original Suit Petition to the Defendant's stated hereunder, and in compliance with the Federal Rules of Civil Procedure Rule 5(a)(1), by a Sheriff Constable or Process Server, and/or where ever they may be found.

Osbaldo A. Saenz Jr.
P. O. Box 8145
Weslaco, Texas 78596
(956) 438 – 4387


Adriana Santillan
702 S. Border Ave.
Weslaco, Texas 78596
(956) 821 – 6420


Atty. Ronaldo Samuel Lozano
22410 Riverside Dr.
Harlingen, Texas 78550
Ronaldo.slozano@gmail.com

Osbaldo A. Saenz Jr.
P. O. Box 8145
Weslaco, Texas 78596
(956) 438 – 4387


P. 9.